UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROBERT W. WILLIAMS, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>)<br>RODNEY BOUFFARD, )<br>)<br>Respondent ) | No. 1:13-cv-00112-NT |

**ORDER ON PETITIONER'S MOTION TO CONTINUE**

Petitioner filed his section 2254 petition for habeas relief on March 28, 2013. It was apparent from paragraph 11 of the petition that petitioner had both exhausted and unexhausted claims because he reported that certain arguments contained in a state court post-conviction proceeding had not yet been resolved. For this reason I advised petitioner that he "may want to withdraw or move to stay his petition until the state court has finished its review." (March 29, 2013 Order, ECF No. 4.) Thereafter, petitioner paid his filing fee without indicating whether he wished to stay his petition until his state post-conviction was resolved. Thus, I ordered petitioner to show cause "why this petition should not be dismissed *without* prejudice because he has not yet exhausted his state post-conviction proceedings." (April 5, 2013 Order, ECF No. 5 (emphasis added).) I also explained that if petitioner were to proceed with only his exhausted claims, he would be frustrated in the future to learn that he was not automatically allowed to bring a second petition to raise any claims that were not yet exhausted in state court. (Id.)

Currently before the court is petitioner's second motion to continue. On petitioner's first such motion I ruled that he had to inform the court what the status was of his state court

proceeding by May 1, 2013.  (April 25, 2013 Order, ECF No. 9.)  Now, in his second motion to continue, petitioner informs the court that his state court post-conviction is now exhausted and that he has requested documents from the state court in order "to prepare a brief."  (Second Motion to Continue ¶¶ 1-2, ECF No. 10.)  This order is issued to address the course of future proceedings before this court.

The time for presenting a substantive brief has not yet arrived.  The first order of business is for petitioner to amend his petition to include all of the grounds that he wishes this court to consider in relation to his section 2254 petition.  At present, the petition is limited to one ground and one ground only.  That ground is that the trial court violated his constitutional rights by denying his motion to suppress incriminating statements and admitting such statements in evidence during his trial.  (Petition at 6, Ground 1, ECF No. 1.)  If petitioner intends to present to this court any additional grounds for vacating his conviction, he should move to amend the current petition to include those additional grounds.  The reason for amending are as follows.

Pursuant to 28 U.S.C. § 2244:  "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed," subject to two narrow exceptions that might well have no application to petitioner's most-recently exhausted claims.  See 28 U.S.C. § 2244(b)(2).  Moreover, to even pursue a second/successive petition, petitioner would be required to obtain leave of the First Circuit Court of Appeals.  Id. § 2244(b)(3)(A).  See also Burton v. Stewart, 549 U.S. 147, 154 (2007) ("[P]risoners . . . may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles."); Gautier v. Wall, 620 F.3d 58 (1st Cir. 2010) (per curiam) (illustrating the hazard of failing to raise all grounds in the initial petition).  Finally, petitioner cannot simply add new grounds to his current petition by first

presenting and arguing them in a brief. He must set them forth in his petition. Consequently, the best course of action for petitioner is to amend his current petition so that it includes all of his grounds for relief, all of which will then become grounds for his *first* petition. For these reasons, petitioner is ordered to amend his petition no later than May 31, 2013, if he intends to present this court with any additional grounds for habeas relief. There is no cause for petitioner to present this court with a brief at this time. Rather, petitioner is to present the court with a petition setting forth all of the grounds the petitioner has for habeas relief, the facts supporting each ground, and the relief requested. Rule 2(c), Rules Governing Section 2254 Cases.

Petitioner's motion to continue (ECF No. 10) is granted in part, so that he may present an amended, complete petition by May 31, 2013. Petitioner's motion is otherwise denied because his plan to present the court with a brief is premature.

## CERTIFICATE

Any objections to this report shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*

       May 13, 2013                        /s/ Margaret J. Kravchuk
                                                    U.S. Magistrate Judge