UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT W. WILLIAMS, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | ) 1:13-cv-00112-NT |
| | ) |
| RODNEY BOUFFARD, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION
ON § 2254 PETITION**

Robert Williams, currently serving a prison sentence for gross sexual assault and unlawful sexual contact, has filed a petition pursuant to 28 U.S.C. § 2254 in which he asserts one ground, that the Maine Law Court erred when affirmed the trial court's denial of his motion to suppress because the statements he made were neither the product of a custodial interrogation nor involuntary.  In 2011-2012 Williams filed a state court post-conviction proceeding that raised other grounds, but for uncertain reasons that post-conviction petition was dismissed with prejudice.[1]  Williams has now filed a motion to stay (ECF No. 13) asking this court to stay action on his petition until after he returns to state court and fully exhausts state court remedies.  I now deny the motion to stay because Williams has failed to show that there are any further steps that could be taken in the state court or that any matter is currently pending in any state court.  I further recommend that this court deny his 2254 petition because he has failed to demonstrate

---

[1] As explained below the state record is clear that the petition was voluntarily dismissed because there was no evidence supporting it. Williams suggests in his filings with this court that his attorney who filed this federal Section 2254 petition somehow abandoned him by leaving the practice of law before his state court grounds were fully exhausted. (See Motion to Stay ¶ 1, ECF No. 13.) The Section 2254 petition was filed pro se, and counsel has never appeared in this court. The attorney mentioned in Williams's request for stay is the same attorney who was appointed as his state post-conviction counsel.

that the Law Court's decision in his case was contrary to or an unreasonable application of prior United States Supreme Court precedent as it relates to the suppression of statements.

## Procedural Background

On September 18, 2009, the Kennebec County Grand Jury returned an indictment charging Williams with one count of gross sexual assault and one count of unlawful sexual contact. (State Court Record § A.) After entering his plea of not guilty, Williams filed a motion to suppress an oral statement he made to a state police trooper. (Id. § A.2.) Following a testimonial hearing on the motion Justice Marden of the Superior Court issued a written order denying the motion to suppress. (Id. § A.5.) On April 30, 2010, the jury returned its verdict that Williams was guilty as charged. On May 26, 2010, the court imposed the following sentences: on count 1, a 23-year term of imprisonment in the custody of the Department of Corrections, with all but 13 years suspended, to be followed by a 6-year period of probation with special conditions, and restitution in the amount of $100; on count 2, a concurrent 7-year term of imprisonment. (Id. § A.1.)

On June 7, 2010, Williams filed an application for leave to appeal sentence pursuant to 15 M.R.S. § 2151 and Me. R. App. P. 20. The Sentence Review Panel denied the application. At the same time Williams filed a notice of appeal pursuant to 15 M.R.S. § 2115 and Me. R. App. P. 2(a)(1). In his direct appeal Williams alleged only that the Superior Court erred in finding that he was not in custody for Miranda purposes during his interview with the state trooper. (State Court Record § B.2.) On March 22, 2011, the Maine Law Court affirmed Williams's convictions in a reported decision. State of Maine v. Robert W. Williams, 2011 ME 36, 15 A.3d 753. (State Court Record § B.4.)

Williams did not file a petition for a writ of certiorari with the United States Supreme Court. Accordingly, Williams's judgments of conviction became final on June 21, 2011. On December 5, 2011, Williams filed a pro se petition for state post-conviction review pursuant to 15 M.R.S. § 2129 and Me. R. Crim. P. 68. (Id. § C.) On November 28, 2012, Williams's appointed counsel filed an amendment to the petition. (Id. § C.1.) On March 11, 2013, Superior Court Justice Nancy Mills issued an order dismissing the petition with prejudice after petitioner's appointed counsel filed an affidavit with the court stating that he and petitioner had decided not to present any evidence in support of the petition. (Id. §§ C.2, C.3.) Williams did not file a notice of discretionary appeal from Justice Mills's order dismissing the petition pursuant to 15 M.R.S. § 2131(1).

On February 16, 2013, Williams signed the current pro se Section 2254 petition and filed it with this Court on March 28, 2013. In his petition Williams noted that his amended state court petition was awaiting hearing, but that no hearing date had been set. (Section 2254 Petition at 3, ¶ 7, ECF No. 1.) I advised petitioner that it appeared that all of his state claims were not fully exhausted and that he might want to consider whether his filing in this court was premature. (Text Order, ECF No. 4.) In response to my Order to Show Cause why his petition should not be dismissed because of the pending state proceeding, Williams filed a motion to continue and a motion for appointment of counsel, explaining that the attorney who filed the federal petition no longer represented him and he needed to consult with counsel. I denied the motion for appointment because attorneys are not routinely appointed in federal habeas proceedings and granted Williams a continuance until May 31, 2013, to file an amended petition explaining the status of the state case and including all grounds petitioner wished to raise. On May 31, 2013,

3

Williams filed a motion to stay, stating that he had filed a motion in state court seeking to have new counsel appointed in order to resolve his unexhausted claims. (ECF No. 13.)

It became apparent to me that the only way I could get an accurate picture of the state court proceedings was to order the respondent to answer the petition. The State's answer includes the docket entries from the state post-conviction proceeding with the following entries:

(1) February 14, 2013: Petitioner's counsel represented that he has interviewed witnesses and concludes he has no basis to proceed to hearing. By 3/1/13 an affidavit will be filed by the petitioner, after discussion with counsel. The affidavit will outline the evidence to be offered at hearing on the petition. If no offer of proof affidavit is filed the petition will be dismissed. . .

(2) February 27, 2013: Petitioner's notice to the court.[2]

(3) March 12, 2013: . . . This petition is dismissed with prejudice.

(4) June 3, 2013: Letter from defendant requesting attorney for PCR case which is dismissed.

The state docket sheet was printed on June 14, 2013, and neither the State nor Williams has provided the court with any update on the state proceedings since that time. In fact, Williams did not file any reply to the State's answer/request for dismissal. There is no evidence that anything is pending in the state court at this time.

## Motion to Stay

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005), this court clearly has discretion to order the stay and abeyance[3] of a 28 U.S.C. § 2254 petition in appropriate

---

[2] This document is attached to the record. It consists of an affidavit of counsel which recites, among other things, that petitioner is not able to submit a sworn affidavit that would provide truthful testimony based upon his personal knowledge.

[3] A "stay and abeyance" normally arises when a petitioner files a "mixed" petition in federal court, i.e., a petition containing both exhausted and unexhausted claims. Although Williams's federal petition alludes to the grounds he allegedly raised in his then pending amended state post-conviction proceeding, his actual federal petition contains only one ground, his fully exhausted claim regarding the admissibility of his statements to the law enforcement officers and thus is not technically a mixed petition at all.

circumstances.  Day v. McDonough, 547 U.S. 198, 210 n.10 (2006).  However, given the fact that Williams's state post-conviction proceeding has been dismissed with prejudice by the state court and he has not pursued his state court remedies by requesting a discretionary appeal of that decision to the Maine Law Court, there is no reason for this court to stay its consideration of the admittedly, fully exhausted claim that Williams does raise in this court.  Compare Clements v. Maloney, 485 F.3d 158, 169-71 (1st Cir. 2007); Josselyn v. Dennehy, 475 F.3d 1, 4-5 (1st Cir. 2007); Powers v. O'Brien, 571 F. Supp. 2d 230, 237-39 (D. Mass. 2008).  Williams's case is simply not a "mixed petition."

Williams's petition as filed with this court contains no unexhausted claims.  His petition claims one ground, and one ground only, for federal habeas relief.  I alerted Williams to the possibility of his need to exhaust any other *potential* claims in the state court prior to obtaining a merits ruling in this court if he wanted to pursue those claims on the federal side.  Williams has not informed this court that he wishes to dismiss this petition without prejudice and return to state court to attempt to obtain relief regarding the claims his post-conviction attorney raised and then abandoned.  Indeed, there does not appear to be any obvious relief he could obtain from the state court.  There is simply no basis to stay or summarily dismiss this petition without considering the merits of the fully exhausted claim that Williams does raise.  The motion to stay is denied.

### The Merits of the Exhausted Claim

This court's review of the final state court decision that addresses Williams's claim is subject to a highly deferential standard of review.  A section 2254 petition cannot be granted unless that state court decision was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2)

was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-406 (2000).

By comparison, the "unreasonable application" clause of section 2254(d) applies when "the state court identifies the correct governing legal principle from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. It also applies when the state court "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. The import of this distinction is that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. See also Renico v. Lett, 559 U.S. 766, 773 (2010) (emphasizing that the state court decision "must be 'objectively unreasonable'") (quoting Williams, 529 U.S. at 409).

The Antiterrorism and Effective Death Penalty Act of 1996 also "sets out a separate and demanding standard applicable to review of a state court's factual findings." Shuman v. Spencer, 636 F.3d 24, 31 (1st Cir. 2011). "The state court's factual findings are 'presumed to be

6

correct,' unless the petitioner can rebut the presumption with 'clear and convincing evidence.'" Id. (quoting 28 U.S.C. § 2254(e)(1)).

The Maine Law Court applied Miranda v. Arizona, 384 U.S. 436 (1966), to the facts of Williams's case as found by the trial court following an evidentiary hearing. State v. Williams, 2011 ME 36, ¶ 7, 15 A.3d 753,754. There is no question but that the Maine courts applied clearly establish Supreme Court precedent, correctly identifying the governing legal standard. The sole issue is whether the resulting determination was an unreasonable application of those governing legal standards. The Law Court accorded deference to the trial court's findings, but made a de novo determination regarding whether Williams was "in custody" because the issue of custody is a mixed question of fact and law. Id. ¶ 6. The interview took place inside a state trooper's cruiser parked at Williams's residence. The exchange was recorded by a video camera in the cruiser and the audio recording of that interview is part of the record before this court, just as it was before the Maine Law Court. Id. n.2. (Interview Recording, State Court Record § A.4.)

Williams argues in his petition that the trial court made erroneous factual findings because he asked to step out of the car on multiple occasions and was denied those requests by the officer who indicated he could not leave until the interrogation was complete, rendering the interrogation custodial. The trial court found as a factual matter that the officer told the defendant "that the interview would continue until [the officer] received the entire truth." (Order on Mot. to Suppress at 2, State Court Record § A.5.) Nevertheless, the trial justice made a series of factual findings regarding the factors set forth in State v. Hassan, 2007 ME 77, 925 A.2d 625, and concluded that the discussion between the officer and Williams was noncustodial. Indeed, at the conclusion of the interview the two parted in a courteous fashion with the defendant returning to his residence. There was no arrest. The judge did not find that there were multiple

7

occasions when Williams asked to leave the vehicle and was refused. The audio recording, which I have listened to as requested by petitioner in his memorandum[4] supports in most respects the factual findings made by the justice concerning the tenor of the discussion and the content of the interview. Even if I were to conclude that slightly different inferences might have been drawn from the audio recording, that fact would not make the state's determination an "unreasonable application" of established precedent nor would there be clear and convincing evidence that the factual findings were incorrect.

The Maine Law Court employed a ten-factor analysis in determining whether Williams was in custody. Williams, 2011 ME 36, ¶ 7 (citing State v. Nadeau, 2010 ME 71, ¶ 54, n.11, 1 A.2d 445, at 464-65). Among the factors included in their consideration were the four factors routinely considered by the First Circuit when making the determination whether a defendant is in custody. United States v. Mittel-Carey, 493 F.3d 36, 39 (1st Cir. 2007). The additional factors considered by the Law Court only make their analysis an even more reasonable application of the Miranda precedent. The state court record supports the factual findings that the interview was conducted by a single officer near Williams's residence; he was told that he was not under arrest; was not subjected to any actual physical restraint[5]; had no reason to think that the officer would not let him leave the cruiser; and engaged in a relatively brief and courteous discussion with the officer about the single point of contention between Williams and the victim, namely whether Williams had subjected her to oral-genital contact. Williams freely admitted to other aspects of the victim's report, all the while adamantly denying oral-genital contact.

---

[4]   ECF No. 1-1 at 12: "This Court should not abdicate its role to make sure that the Maine and federal constitutions are complied with by merely allowing the trial court's interpretation of a document to control."
[5]   There is some "chatter" in the record about the interviewing officer placing his hand on the defendant's shoulder on a number of occasions. The recording supports the factual finding of no actual physical restraint.

## Conclusion

For the reasons stated above, I deny the motion to stay and I recommend that the Court deny Williams relief under 28 U.S.C. § 2254, with prejudice, and dismiss the petition. I further recommend that a certificate of appealability should not issue in the event Williams files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 11, 2013          /s/ Margaret J. Kravchuk
                            U.S. Magistrate Judge